COURT OF APPEALS OF VIRGINIA

Present:  Judges Willis, Annunziata and Senior Judge Cole
Argued at Richmond, Virginia

LLOYD JORDAN BYERS, JR.

v.          Record No. 0064-95-2      MEMORANDUM OPINION[*] BY
                                      JUDGE ROSEMARIE ANNUNZIATA
COMMONWEALTH OF VIRGINIA                    JANUARY 30, 1996


            FROM THE CIRCUIT COURT OF POWHATAN COUNTY
                    Thomas V. Warren, Judge


        Michael J. Brickhill, for appellant.

        H. Elizabeth Shaffer, Assistant Attorney
        General (James S. Gilmore, III, Attorney
        General, on brief), for appellee.



     Following a bench trial, the appellant, Lloyd J. Byers, Jr.

("Byers"), was convicted of operating a motor vehicle after

having been declared an habitual offender.  The court sentenced

Byers to six months in jail, suspending all but sixty days, and a

$100.00 fine.  On appeal, Byers contends that the police violated

his Fourth Amendment rights by detaining and questioning him as a

passenger in a motor vehicle stopped for speeding.  Finding no

error, we affirm Byers' conviction.

     On the morning of May 27, 1994, Captain Vernon Poe ("Poe")

and Detective Gregory Neal ("Neal") of the Powhatan County

Sheriff's Department were conducting narcotics surveillance on

the high school parking lot.  The officers were watching for

school-age children involved in illegal activity.  The officers

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

noticed a car with Georgia plates parked across the street at a car wash. Byers appeared to be working under the car's hood, while a woman sat inside the car. The officers had not seen any school children around the car, but the out-of-state vehicle seemed unusual to them.

Shortly thereafter, the car rapidly left the car wash. The officers decided to follow the car, intending to ascertain its owner. Neal testified that he saw Byers driving.

The officers lost sight of the car for a minute or so, but Poe soon spotted it, paced it at sixty-five miles per hour in a fifty-five mile per hour zone, and stopped the driver for speeding. Poe identified the driver as the woman who had been with Byers at the car wash. Poe confined his investigation to the woman and the car.

Neal approached Byers and asked to see his license. Since Byers was then in the passenger seat, Neal suspected that he had been driving without a license. Byers complied, and Neal ran a license check which determined that Byers was an habitual offender in Virginia. Neal arrested Byers and advised him of his Miranda rights. Byers signed a waiver and told Neal that his girlfriend's car had been acting up and that he only drove it a short distance to see if it was running properly.

Byers objected to the evidence obtained from the stop, arguing that the stop was invalid under the Fourth Amendment and that the police were not justified in interrogating the car's

passenger. However, the court concluded that Poe executed a valid stop and that Neal was justified in questioning Byers because of the apparent seat switch.

On appeal, Byers concedes that the stop of the vehicle in which he was a passenger was lawful. However, he argues that Neal's questioning of him was an unlawful seizure, the evidence from which should have been suppressed. The Commonwealth argues that the seizure was legitimate since Neal had reasonable suspicion to believe that Byers had violated the law.

An officer needs only an "articulable and reasonable suspicion that [the] motorist is unlicensed . . . or an occupant is otherwise subject to seizure for [a] violation of [the] law." Brown v. Commonwealth, 17 Va. App. 694, 697-98, 440 S.E.2d 619, 621 (1994) (quoting Delaware v. Prouse, 440 U.S. 648, 663 (1979), and citing Terry v. Ohio, 392 U.S. 1 (1968)). In determining whether Neal had a reasonable suspicion that Byers was unlicensed or otherwise violating the law, this Court looks at the totality of the circumstances, viewing the "facts objectively through the eyes of a reasonable police officer with the knowledge, training, and experience of the investigating officer." Murphy v. Commonwealth, 9 Va. App. 139, 144, 384 S.E.2d 125, 128 (1989). We must take "into account that `trained law enforcement officers may be able to perceive and articulate meaning in given conduct which would be wholly innocent to the untrained observer.'" Brown, 17 Va. App. at 698, 440 S.E.2d at 621 (quoting Castaneda

v. Commonwealth, 7 Va. App. 574, 580, 376 S.E.2d 82, 85 (1989) (en banc)).

Although Neal did not actually see Byers switch from the driver's seat to the passenger's seat, he knew the switch had occurred and articulated this observation as the basis for his suspicion, stating "I knew that he had been driving and now that he wasn't driving, I suspected him not to have a license." We conclude that Neal had reasonable suspicion to warrant the seizure and that Byers was lawfully detained and questioned about his driver's license.

Accordingly, Byers' conviction is affirmed.

Affirmed.